**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____

W. JAMES MAC NAUGHTON

        Plaintiff

    v.                                Case No.

ASHER VENTURES, LLC,
SAM HARMELECH,
SHAI HARMELECH a/k/a
ISHAIHU HARMELCH a/k/a
YESHAYAHU HARMELECH,
and CAL SYSTEMS, INC.

        Defendants

_____

**COMPLAINT**

**Parties and Jurisdiction**

1.      Plaintiff W. James Mac Naughton ("Mr. Mac Naughton") is an individual and citizen of New Jersey.

2.      Defendant Asher Ventures, LLC is a Connecticut limited liability company with its principal place of business in Illinois.  The members of Defendant Asher Ventures, LLC are citizens of Illinois and Connecticut.

3.      Defendant Sam Harmelech is an individual and citizen of Illinois.

4.      Defendant Shai Harmelech a/k/a Ishaihu Harmelech a/k/a Yeshayahu Harmelech ("Defendant Shai Harmelech") is an individual and citizen of Illinois.

5.      Defendant Cal Systems, Inc. is an Illinois corporation with its principal place of business in Illinois.

6.      The Court has jurisdiction over the claims in this case pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the parties and the amount in

controversy exceeds $75,000 exclusive of costs and interest.

**The Stock**

7.      Defendant Sam Harmelech is the owner of record of fifty percent (50%) of the stock in Defendant Cal Systems, Inc. (the "Stock").

8.      Defendant Sam Harmelech acquired the Stock from Defendant Asher Ventures, LLC in or about June 2016.

9.      Defendant Sam Harmelech provided no value or consideration to Defendant Asher Ventures, LLC for the Stock.

10.     Defendant Sam Harmelech took title to the Stock from Defendant Asher Ventures, LLC knowing his ownership was for the purpose of shielding the Stock from the creditors of Defendant Shai Harmelech.

11.     Defendant Asher Ventures, LLC acquired the Stock from Defendant Shai Harmelech in or about July 2013.

12.     Defendant Asher Ventures, LLC provided no value or consideration to Defendant Shai Harmelech for the Stock.

13.     Defendant Asher Ventures, LLC took title to the Stock from Defendant Shai Harmelech knowing its ownership was for the purpose of shielding the Stock from the creditors of Defendant Shai Harmelech.

14.     The Stock is worth about $200,000.

**Plaintiff's Standing**

15.     Plaintiff is a judgment creditor of Defendant Shai Harmelech pursuant to a judgment entered on September 6, 2016 in the amount of $71,763 plus costs of $5,934 in the matter captioned *Mac Naughton v. Harmelech et al*, Case No. 09-cv-5450, DNJ. That judgment remains unsatisfied.

16.     Plaintiff is a judgment creditor of Defendant Shai Harmelech pursuant to an assignment of the right to satisfy and collect a judgment entered on May 23, 2011 in the matter captioned *Russian Media Group, LLC v. Cable America, Inc. et al*, 06-cv-

3568, NDIL from the Premises.  That judgment remains unsatisfied in the amount of $173,430 inclusive of interest as of December 4, 2016.

**The Illegal Activities of Defendant Shai Harmelech**

17.     Beginning in or about 2000, Defendant Shai Harmelech has engaged in the illegal distribution of satellite television programming.

18.     In 2006, Defendant Shai Harmelech was sued for the illegal distribution of satellite television programming in *Russian Media Group, LLC v. Cable America, Inc. et al*, Case No. 06-cv-3578, NDIL (the "RMG Action").

19.     In 2009, the court in the RMG Action enjoined Defendant Shai Harmelech's illegal distribution of satellite television programming.

20.     In 2011, Defendant Shai Harmelech consented to the entry of judgment against him in the RMG Action for violation of the Illinois Theft of Signal Act in the amount of $286,374.

21.     In 2015, Mr. Harmelech was indicted in United States District Court for the Northern District of Illinois for violation of 18 U.S.C. §1341 (Frauds and Swindles) for illegal activities starting in or about 2005.  *USA v. Ishaihu Harmelech a/k/a Shai Harmelech*, Case No. 15-cr-724, NDIL.

**Count One -   UFTA VIOLATION-ACTUAL FRAUD**

22.     Plaintiff repeats and realleges paragraphs 1 through 21 above.

23.     Upon information and belief, the transfer of the Stock from Defendant Shai Harmelech to Defendant Asher Ventures, LLC was made with actual intent to hinder, delay, or defraud one or more creditors of Defendant Shai Harmelech in violation of Section 5 the Illinois Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/5.

24.     Upon information and belief, badges of fraud existed in connection with the transfer of the Stock include, but are not limited to:

      a.     Defendant Shai Harmelech retained control and the financial

3

benefits of the Stock; and

      b.     The transfer of the Stock was concealed; and

      c.     Defendant Shai Harmelech had been sued prior to the transfer; and

      d.     The Stock was substantially all of the assets owned by Defendant Shai Harmelech in his own name; and

      e.     Defendant Shai Harmelech concealed other assets from his creditors; and

      f.     Defendant Shai Harmelech was insolvent when the transfer of the Stock was made; and

      g.     Defendant Shai Harmelech transferred the Stock shortly after a substantial debt was incurred; and

      h.     Defendant Asher Ventures, LLC and Defendant Sam Harmelech gave inadequate consideration in respect to the value of the Stock for the transfer of the Stock to each of them.

25.     Pursuant to Section 8 of UFTA, the transfer of the Stock to Defendant Asher Ventures, LLC and thence to Defendant Sam Harmelech may be avoided to the extent necessary to satisfy the liabilities of Defendant Shai Harmelech to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order that:

A.     Voids transfer of the Stock from Defendant Shai Harmelech to Defendant Asher Ventures, LLC; and

B.     Voids the transfer of the Stock from Defendant Asher Ventures, LLC to Defendant Sam Harmelech; and

C.     Declares Defendant Shai Harmelech is owner of record of the Stock; and

D.     Directs the Stock may be attached, levied upon and sold in accordance with law to satisfy any judgments entered in this action or any other action in favor of Plaintiff; and

E.     Enters judgment in favor of Plaintiff against Defendant Asher Ventures,

LLC and Defendant Sam Harmelech, jointly and severally, in the amount of the liabilities of Defendant Shai Harmelech has to Plaintiff plus punitive damages and interest, costs and attorneys' fees; and

F.     Enters an injunction prohibiting Defendants from transferring any interest in the Stock; and

G.     Grants such other relief as may be just and appropriate.

**Count Two -   UFTA VIOLATION- LEGAL FRAUD**

26.     Plaintiff repeats and realleges paragraphs 1 through 25 above.

27.     Upon information and belief, the transfer of the Stock from Defendant Shai Harmelech to Defendant Asher Ventures, LLC was made without receiving reasonably equivalent value and Defendant Shai Harmelech was insolvent at the time of the transfer in violation of Section 6 of UFTA.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order that:

A.     Voids transfer of the Stock by Defendant Shai Harmelech to Defendant Asher Ventures, LLC; and

B.     Voids transfer of the Stock by Defendant Asher Ventures, LLC to Defendant Sam Harmelech; and

C.     Declares Defendant Shai Harmelech is owner of record of the Stock; and

D.     Declares the Stock may be attached, levied upon and sold in accordance with law to satisfy any judgments entered in this action or any other action in favor of Plaintiff; and

E.      Enters judgment in favor of Plaintiff against Defendant Asher Ventures, LLC and Defendant Sam Harmelech, jointly and severally, in the amount of the liabilities of Defendant Shai Harmelech has to Plaintiff plus punitive damages and interest, costs and attorneys' fees; and

F.     Enters an injunction prohibiting Defendants from transferring any interest in the Stock; and

5

G.      Grants such other relief as may be just and appropriate.

### Count Three -    CONSPIRACY TO COMMIT FRAUD

28.      Plaintiff repeats and realleges paragraphs 1 through 27 above.

29.      Upon information and belief, Defendant Sam Harmelech and Defendant Shai Harmelech entered into an agreement to conceal Defendant Shai Harmelech's ownership and control of the Stock.

30.      Upon information and belief, the transfer of the Stock from Defendant Shai Harmelech to Defendant Asher Ventures, LLC and thence to Defendant Sam Harmelech was to accomplish an unlawful act – the fraudulent transfer of the Stock to the detriment of the creditors of Defendant Shai Harmelech.

31.      Upon information and belief, Defendant Sam Harmelech and Defendant Shai. Harmelech each knew the purpose of the transfers.

32.      Upon information and belief, Defendant Sam Harmelech and Defendant Shai Harmelech concealed Defendant Shai Harmelech's ownership and control of the Stock by misrepresenting to Defendant Cal Systems, Inc. the purposes of the transfers.

33.      Upon information and belief, Defendant Sam Harmelech and Defendant Shai Harmelech concealed the true source of funds used to acquire the Stock from Defendant Cal Systems, Inc.

34.      Defendant Sam Harmelech concealed Defendant Shai Harmelech's ownership and control of the Stock by misrepresenting to Defendant Cal Systems, Inc. the owner of the bank account into which Defendant Cal Systems, Inc. made payments pursuant to the Stock.

35.      Upon information and belief, these and other overt acts described herein were performed in furtherance of the common scheme to deprive the creditors of Defendant Shai Harmelech of the ability to collect their debts from the Stock.

36.      As a result, Plaintiff was injured because Defendant Shai Harmelech was left without sufficient assets to pay his debts.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order that:

A.     Enters judgment in favor of Plaintiff against Defendant Sam Harmelech and Defendant Shai Harmelech, jointly and severally, in the amount of the liabilities of Defendant Shai Harmelech has to Plaintiff in an amount to be determined plus punitive damages and interest, costs and attorneys' fees; and

B.     Enters an injunction prohibiting Defendants from transferring any interest in the Stock; and

C.     Grants such other relief as may be just and appropriate.

**Count Four -     AIDING AND ABETTING BY DEFENDANT SAM HARMELECH**

37.     Plaintiff repeats and realleges paragraphs 1 through 36 above.

38.     Upon information and belief, Defendant Sam Harmelech knowingly induced, participated and assisted Defendant Shai Harmelech in actively and deliberately defrauding the creditors of Defendant Shai Harmelech by and through the transfers of the Stock.

39.     As a result of said aiding and abetting, the creditors of Defendant Shai Harmelech, including Plaintiff, remain unpaid.

 WHEREFORE, Plaintiff respectfully requests that the Court enter an Order that:

A.     Enters judgment in favor of Plaintiff against Defendant Sam Harmelech in the amount of the liabilities of Defendant Shai Harmelech has to Plaintiff plus punitive damages and interest, costs and attorneys' fees; and

B.     Enters an injunction prohibiting Defendants from transferring any interest in the Premises; and

C.     Grants such other relief as may be just and appropriate.

## PLAINTIFF DEMANDS TRIAL BY JURY

May 29, 2017

/s/ *W. James Mac Naughton*
W. James Mac Naughton, Esq.
7 Fredon Marksboro Road
Newton, NJ 07860

wjm@wjmesq.com
732-634-3700
Pro Se